UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:06-CR-50-2F1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL KINDOCE BLACKMAN, ) | |
| ) | |
| Defendant. ) | |

This case comes before the Court on Defendant's Motions for Early Disclosure of Government's Witness List, Jencks Material and Notice of Intent to Use 404(b) Evidence ("Def.'s Disc. Mots.") [DE #70] and Defendant's Motion for Sequestration of Witnesses ("Def.'s Seq. Mot.") [DE #72]. The government has filed a consolidated response to these and other motions by defendant ("Govt.'s Mem.") [DE #79].[1] Defendant's motions are granted in part and denied in part for the reasons stated below.

## Witness List

Defendant requests an order requiring the government to disclose its witness list at some unspecified "early" date prior to trial. (Def.'s Disc. Mots. at 1, 5-6.) The request appears to be based primarily on the contention that the government has not provided the identity of three specific individuals. However, the government states (Govt.'s Mem. at 6-7) that it has now identified two of these individuals and the third is a crime victim whose identity should not be disclosed. *See* 18 U.S.C. § 3771.

---

[1] Defendant's discovery motions [DE# 70] are subject to, but not in compliance with, Local Crim. Rules 12.2 and 16.1, E.D.N.C., which require prior consultation with counsel. The government's response [DE #79] was filed late without a motion for leave to file tardily. In its discretion, the Court has elected to consider the motions and the response notwithstanding these deficiencies.

As defendant himself acknowledges (Def.'s Disc. Mots. at 5), "to obtain a government witness list, a defendant must make a specific or 'particularized' showing that such disclosure is both material to the preparation of his defense and reasonable in light of the circumstances." *United States v. Stroop*, 121 F.R.D. 269, 275 (*citing United States v. Price*, 448 F. Supp. 503, 507-18 (D. Colo. 1978)); *see also United States v. Anderson*, 481 F.2d 685, 693 (4th Cir. 1973) (defendants in non-capital case not entitled of right to pretrial disclosure of witness list), *aff'd*, 417 U.S. 211 (1974). Defendant has failed to make such a showing. Two of the three specific individuals have been identified, and no special need has been demonstrated with respect to the third individual or otherwise. Moreover, defendant will obtain access to the government's witness list before jury selection begins under Local Crim. Rule 24.1(b), E.D.N.C., which requires that all parties file their respective witness lists by that time. The request for disclosure of the government's witness list is therefore DENIED.

## Jencks Act Materials

Defendant seeks the disclosure of Jencks Act materials–that is, any statements by the government's witnesses–at least fifteen days prior to trial. (Def.'s Disc. Mots. at 1, 6-7; *see also* Govt.'s Mem. at 7-9.) The Jencks Act, however, provides for disclosure of such statements only after a witness has testified on direct examination at trial. 18 U.S.C. § 3500(a); *see also* Fed. R. Crim. P. 26.2. The Fourth Circuit has stated that "[t]he district court may not require the government to produce Jencks Act material relating to one of its witnesses until *after* the witness has testified." *United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) (emphasis in original). In any event, the government states (Govt.'s Mem. at 9) that it intends to provide defendant Jencks Act materials for all witnesses in its case in chief the week before the trial. *See id.* (government may voluntarily

2

disclose Jencks Act material before trial). Defendant's request for early disclosure of Jencks Act material is therefore DENIED.

## Rule 404(b) Evidence

Defendant requests an order, pursuant to Fed. R. Evid. 404(b), requiring defendant to disclose fifteen days before trial the nature of any evidence showing "other crimes, wrongs or acts" not charged in the indictment which the government intends to introduce at trial. (Def.'s Disc. Mots. at 1, 7.) In a criminal case, Rule 404(b) requires the prosecution, upon request by the accused, to "provide reasonable notice in advance of trial . . . of the general nature of any . . . [Rule 404(b)] evidence it intends to introduce at trial." Fed. R. Evid. 404(b). The government states that it "intends to" provide such notice "the week" before trial. (Govt.'s Mem. at 9-10.) The government appears to be committing itself to providing this information a full week prior to trial, although such a commitment is not perfectly clear. To avoid any uncertainty, the motion is GRANTED and the government is ORDERED to notify defendant, at least one week prior to trial, of the general nature of any Rule 404(b) evidence it intends to introduce at trial. This Order does not require the government to disclose the Rule 404(b) evidence itself.

## Sequestration of Witnesses

Defendant seeks an order, pursuant to Fed. R. Evid. 615, requiring the sequestration of all government witnesses except the government's case agent, and prohibiting the case agent from revealing anything about the trial testimony to the other government investigators or non-law enforcement witnesses who will be government witnesses at trial. (Def.'s Seq. Mot. at 1.) The government does not oppose the motion, although it explicitly requests that the "case agent(s)" be allowed in the courtroom during the trial. (Govt.'s Mem. at 11.)

3

Evidence Rule 615 provides that "[a]t the request of a party, the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." Under this rule, the sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986); *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983). However, the rule excludes from the sequestration requirement "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed. R. Evid. 615(2). A government investigative agent involved in a criminal prosecution falls within this exception. *Farnham*, 791 F.2d at 334 (*citing Parodi*, 703 F.2d at 773). Although the government appears to seek the exclusion of more than one agent, the weight of authority holds that Fed. R. Evid. 615(2) permits the exclusion of only one. *See Farnham*, 791 F.2d at 335; *see also* 29 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Evidence* § 6245 at 80-81 (1997).

Defendant's motion to sequester is therefore GRANTED. All trial witnesses, not simply those called by the government, shall be sequestered, and each witness is prohibited from revealing previous trial testimony to any witnesses who have yet to testify at trial. Subject to further Order by the trial judge, the government may designate one investigative agent, pursuant to Fed. R. Evid. 615(2), who may be present throughout the trial even if he is expected to testify. The defendant may also be present throughout the trial even if he is expected to testify. *See* Fed. R. Civ. 615(1) (parties who are natural persons are excluded from sequestration).

## Conclusion

For the foregoing reasons, defendant's requests for the government's witness lists and Jencks Act materials are DENIED, and his requests for notice of Rule 404(b) evidence and sequestration of witnesses are GRANTED.

4

SO ORDERED, this the 22nd day of September, 2006.

_____
James E. Gates
United States Magistrate Judge

5